# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NOBLE SANDY KEITH BASKINS-BEY, ) | |
| ) | |
| Plaintiff, pro se, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | 1:09CV 776 |
| THE CITY OF THOMASVILLE and ) | |
| THOMASVILLE POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of Defendants for summary judgment (docket no. 24). Plaintiff has failed to respond to the motion although the time for response has long since passed. For the reasons which follow, the motion should be granted.

**BACKGROUND**

Plaintiff began this action with a complaint wherein he alleged false arrest, false imprisonment, kidnapping, and cruel treatment. He claims that "four narcodics (sic) officers" came to his home around 7 p.m. on November 7, 2007; that he was grabbed by the arm and handcuffed; and that his house was searched. The officers "did not find anything." Complaint, unnumbered p. 4. Nevertheless, Plaintiff goes on to allege that one of the officers came out of a bedroom with a bag of marijuana "about three grams worth." *Id.* at p. 5. He was driven to the police station, but he was released without an arrest. He was arrested six days later but was released after posting bond. He claims damages from being forced to put his arms behind his

back with great force and from falling behind in payments. He wants an investigation of the Thomasville police department, monetary compensation, the termination of certain Thomasville city officials, and a permanent restraining order against the Thomasville police department. Plaintiff has named the city of Thomasville and its police department as Defendants.

Defendants have answered the complaint denying all allegations of a constitutional violation; and, as noted, Defendants have moved for summary judgment.

**THE SUMMARY JUDGMENT MOTION**

Defendants' motion shows that police did search Plaintiff's house after receiving informant information that Plaintiff was selling heroin. Thereafter, an undercover Thomasville police officer bought heroin from Plaintiff. An arrest warrant was issued for Plaintiff's arrest, and about one week later, a search warrant was issued for Plaintiff, Plaintiff's house, and his car. The basis for the search warrant was the informant information that Plaintiff was selling heroin, the undercover buy of heroin, and marijuana stems and baggies recovered from a trash pull at Plaintiff's house. The search warrant was executed, nothing was seized, and no charges were filed as a result of the search. Nevertheless, Plaintiff was charged with the undercover sale of heroin to the Thomasville police officer. The motion does not specifically address whether Plaintiff was handcuffed during the search, but the moving papers concede *sub silentio* this fact.

Defendants contend that they are entitled to summary judgment because Plaintiff has failed to identify and allege any unconstitutional policy or custom of the city of Thomasville. Moreover, they contend that Plaintiff's state law claims fail because he has failed to forecast evidence of the elements of a claim for false arrest and he has failed to allege or show a waiver of sovereign immunity by the city of Thomasville. I agree and I will recommend that the summary judgment motion be granted.

As noted, Plaintiff has failed to respond to the summary judgment motion. Nevertheless, an uncontested motion for summary judgment is not automatically granted. *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994). The moving party's facts are deemed uncontroverted, and the court determines whether the moving party is entitled to a judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (the moving party still must show that the facts entitle him to a judgment as a matter of law). Whether the motion is opposed or not, summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate

that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

**ANALYSIS**

While Plaintiff does not say so, it is clear that he purports to bring a claim under the so-called civil rights statute, 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). Plaintiff's claim that he was grabbed by the arm and handcuffed before the search of his house is reasonably construed as alleging an excessive force claim under the Fourth Amendment. *See id.* at 394-95 (noting that excessive force claims in the course of an arrest or other "seizure" of a free

citizen is analyzed under the Fourth Amendment and its "reasonableness" standard). Here, the officers clearly had information that Plaintiff was selling heroin from his house, and they had the first-hand knowledge that one of their number (in an undercover capacity) had bought drugs from Plaintiff. Under these circumstances, the officers could detain Plaintiff by the use of handcuffs without running afoul of the Constitution. *See Muehler v. Mena*, 544 U.S. 93, 100 (2005) (concluding that detention of an occupant of a house in handcuffs for a 2- to 3-hour period during a house search is reasonable, even if the person detained was not a named suspect).

Moreover, as Defendants suggest, Thomasville as a municipality cannot be liable under the Constitution unless Plaintiff shows that some unconstitutional action was undertaken pursuant to an official policy or custom of the city. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-24 (1988). That is to say, municipal policy adopted according to state law is a necessary predicate to establishing municipal liability under the Constitution. To be sure, that has not been shown here.

For all these reasons–beginning with the finding that Plaintiff has failed to show that the police acted unreasonably in handcuffing him during the search of his house–his Fourth Amendment claim must fail. It necessarily follows that if Plaintiff cannot show a Fourth Amendment violation by individual police officers, he cannot show that the city of Thomasville is constitutionally liable. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (municipality cannot be held liable for an official policy or custom if it has been determined that the individual defendants did not

violate the plaintiff's constitutional rights). As there are no underlying constitutional violations here by any individual, there can be no municipal liability. *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999).

To the extent that Plaintiff seeks to hold the police department of the city of Thomasville liable, the police department is not a suable entity. Claims under Section 1983 are directed at "persons," and the police department is not a person amenable to suit. *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (collecting cases). For this reason, the claim against the police department must fail.

Last of all, Defendants have argued persuasively that there are other reasons why they should be awarded summary judgment. Because it has been made abundantly clear that Plaintiff has failed to show a constitutional violation in the first instance, and in the second place that Plaintiff cannot prevail against either the city of Thomasville or the police department, it is not necessary to address those alternative grounds. Defendants should be awarded summary judgment.

**CONCLUSION**

In accordance with the foregoing, **IT IS RECOMMENDED** that Defendants' motion for summary judgment (docket no. 24) be **GRANTED**.

／s／ *signature*
WALLACE W. DIXON
United States Magistrate Judge

December 10, 2010